PER CURIAM:
This is an appeal from the district court’s revocation of appellant’s pretrial release order. We have jurisdiction pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.
We review the district court’s factual findings concerning the danger that appellant poses to the community under a “ ‘deferential, clearly erroneous standard.’ ” United States v. Hir, 517 F.3d 1081, 1086 (9th Cir.2008) (quoting United States v. Townsend, 897 F.2d 989, 994 (9th Cir. 1990)). The conclusions based on such factual findings, however, present a mixed question of fact and law. Hir, 517 F.3d at 1086. Thus, “the question of whether the district court’s factual determinations justify the pretrial detention order is reviewed de novo.” Id. at 1086-87 (citations omitted).
The district court may enter an order of revocation and detention if, after a hearing, the court: (1) finds that there is either “probable cause to believe that the person has committed a Federal, State, or local crime while on release” or “clear and convincing evidence that the person has violated any other condition of release”; and (2) finds that “based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community” or “the person is unlikely to abide by any condition or combination of conditions of release.” 18 U.S.C. § 3148(b)(1) & (2).
The nature of the conduct on which the district court based the revocation order is not clear from the record. In particular, it is not clear whether the district court found that there is probable cause to believe that appellant has committed a crime while on release. Nor is it clear whether the district court found that there is clear and convincing evidence that appellant vio *1114 lated any other condition of release. We therefore remand the matter to the district court for clarification and for further findings, to the extent further findings are necessary.
REMANDED.
The mandate shall issue forthwith.